**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | *   **Criminal Action No: 09-00233-KD-M** |
| **v.** | * |
| | * |
| **GARY LEE WEBB** | * |

**PRELIMINARY ORDER OF FORFEITURE**

This matter is before the Court on the United States' motion for preliminary order of forfeiture (Doc. 32). Upon consideration, the motion is **GRANTED** as follows:

**WHEREAS**, in Count Four of the Indictment in the above-styled case, the United States sought forfeiture of property which the defendant used or intended to be used to commit or promote the offense alleged in Counts One, Two and Three of the Indictment, including computer equipment, pursuant to 18 U.S.C. § 2252A(a)(5)(B) and Section 2256(8)(A) and 18 U.S.C. § 2253; and,

**WHEREAS**, based upon the defendant's guilty plea to all Counts of the Indictment entered on March 17, 2010, and the defendant's admission to the forfeiture allegation of Count 4, and for the reasons stated, it is hereby

**ORDERED, ADJUDGED and DECREED**, that pursuant to Title 18, United States Code, Sections 2252 and 2252(A), Federal Rule of Criminal Procedure 32.2(b) and Title 18, United States Code, § 2253, the interest of the defendant, **GARY LEE WEBB**, in the computer equipment more particularly described below is hereby condemned and forfeited to the United States for disposition according to law, including:

1. (1) Seagate Barracuda 120 GB hard disk drive, Serial number 4JT09788;

2. (1) Samsung 200GB hard disk drive, Serial number S07GJ1UL325034;

both of the above hard disk drives were removed from:

3. (1) HP Pavillion A1000 Tower PC, Serial number MXK6160stm.

4. (1) HP CPU, Serial number US81616417;

5. (1) Computer Smiths CPU, Serial number 5382, and,

**WHEREAS**, by virtue of said guilty plea and Rule 32.2(b)(3), the United States is now entitled to, and it should, pending possible appeal herein, reduce the said property to its possession and notify any and all potential third parties who have or may have an interest in the forfeited property, pursuant to Title 18, United States Code, Section 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

That based on the defendant's guilty plea admission to the forfeiture allegation and Fed. R. Crim. P. 32.2(b)(3), and pursuant to the defendant's consent, all right, title and interest of defendant, **GARY LEE WEBB**, in the above-described property, is hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(n)(1).

That aforementioned property is authorized to be held by the United States Marshals Service in their secure custody and control.

Pursuant to 21 U.S.C.§ 853(n)(1) and the Attorney General's authority to determine the manner of publication of an Oder of Forfeiture in a criminal case, the United States shall publish notice of this order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

This notice shall state that anyone who wishes to claim an interest in the property shall petition the Court for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, it shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

After the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), for the filing of third-party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of execution and shall be made part of the sentence included in the judgement. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2),

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward five (5) certified copies of this Order to Assistant U. S. Attorney Sean P. Costello, U.S. Attorney's Office, Southern District of Alabama.

**DONE** and **ORDERED** this the **19th** day of **March 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**